(No. 85-CC-1903-)

THOMAS BLACK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 15, 1991.*

ARTHUR BLUESTONE, for Claimant.

Roland W. Burris, Attorney General (John R. Buckley, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Sommer, J.

On September 19, 1984, the Claimant, Thomas Black, was in the custody of the Illinois Department of Corrections. He was being transported by car from Elk Grove Village to Joliet. During the course of the trip, the automobile owned by the Department of Corrections and driven by an employee of the Department was involved in a collision with another vehicle.

The Claimant, who was wearing handcuffs and leg shackles at the time of the accident, alleges that upon impact he was thrown against the metal cage in the car striking it with his neck and shoulder. He claims he also struck his head against the car window. The Respondent stipulates to the accident, to the fact that the Claimant was injured, and to liability.

From the time of his arrival at the correctional facility in Joliet on September 19, 1984, and all during his incarceration at that and other facilities until his release on January 6, 1985, the Claimant, who complained of pain, was treated with medication, heat treatments, physical therapy, cervical collar and ultrasound treatments. He was examined often by doctors during this period. X rays on two occasions, September 19, 1984, and November 19, 1984, showed no bone damage, disc

compression, or other abnormalities. The diagnosis of the doctor who saw the Claimant on September 20, 1984, and an orthopod who saw the Claimant on October 19, 1984, was that the Claimant suffered from "cervical strain." An examination on September 24, 1984, by the same doctor who saw the Claimant on September 20, 1984, indicated "a muscle strain or spasm." Another doctor indicated a "probable slipped disc" on September 27, 1984, but neither of the X rays showed such.

After the Claimant's release he did not seek any additional medical treatment though he testified that he suffered from headaches. Thereafter, the Claimant was gainfully employed as a warehouseman.

The State paid for all of the medical bills of the Claimant. The Claimant presented a witness who testified that the value of such was $2,188.00, if the Claimant had been privately treated. We do not believe exact comparisons can be made as cases vary in severity and as medical care in a prison is on request. A patient may be less apt to seek medical care for minimal complaint if he or she has to pay for it. In fact, the Claimant did not seek medical care when he was released four months after the accident.

We find that the Claimant did suffer a strain of the muscles of the neck along with minor bumps and bruises. The Claimant suffered no permanent effects from these injuries but did undergo some pain and suffering after the accident. With very few physical symptoms present, the Claimant's pain and suffering is subjective and hard to measure. The Claimant's witness' testimony as to the value of the medical care was an attempt to measure the injury and the resultant pain and suffering. To arrive at an award, we will consider the value of the medical care in the circumstances along

with the content of the medical reports. In doing so, we arrive at the conclusion that the injury to the Claimant was minimal and so will award the Claimant $1,500.00 for pain and suffering. It is therefore ordered that the Claimant be awarded $1,500.00.